**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| YEMANE AMARE, | 2:12-cv-00955-JCM-VCF |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| MICHAEL J. ASTRUE, *Commissioner of Social Security*, | |
| Defendant. | |

Before the Court is *Yemane Amare v. Michael J. Astrue, Commissioner of Social Security*, case no. 2:12-cv-0955-JCM-VCF.

**BACKGROUND**

On February 12, 2008, Yemane Amare (Plaintiff) filed applications for Title XVI, Social Security Supplemental Security Income (SSI) benefits, as well as for Title II, Social Security Disability Insurance (SSDI) benefits, alleging onset of disability (AOD) on July 1, 2006. (Administrative Record (hereafter "AR") 24, 157, 164). Following mesne administrative proceedings, by decision dated May 7, 2010, Administrative Law Judge (ALJ) Raul C. Pardo found Plaintiff not disabled. (AR 21-32). Plaintiff timely requested review of the ALJ's decision by the Appeals Council, however, by Notice of Appeals Council Action dated April 2, 2012, the Appeals Council declined to grant the request for review. (AR 1-3). This action resulted in the ALJ's May 7, 2010, decision becoming the final order of the Commissioner.

Plaintiff filed his Complaint (#1) on June 6, 2012. The Commissioner's Answer (#5) was filed and the Administrative Record was delivered to the chambers of the undersigned U. S. Magistrate Judge on August 28, 2012. On February 4, 2013, Plaintiff filed his Motion to Remand (#9). The Commissioners Response (#12) and Cross Motion for Summary Judgment (#13) was filed on April 5, 2013. Plaintiff's Reply (#19) was filed on May 31, 2013.

Having reviewed these written arguments, the Social Security AR, and all other matters of record in this case, the undersigned judge respectfully submits the following Report and Recommendation.

**DISCUSSION**

### I. Issues Presented.

Plaintiff represents that the transcript of the Administrative Hearing is sufficient and can be adequately comprehended. (#9 at 3). Plaintiff also represents that the administrative record is sufficient and can be adequately comprehended. *Id.* The Commissioner agrees that (1) no portion of the administrative record containing the hearing transcript includes the notation "inaudible" or "unintelligible;" and (2) there are no portions of the administrative record containing information relevant to an understanding of an issue in this case that are partially or totally illegible. (#12 at 2).

While a number of issues are raised in the pleadings filed by both sides, the dispositive issue raised by the Plaintiff is the Administrative Law Judge's ("ALJ") failure to follow the requirements 20 C.F.R § 404.1520a in determining, with regard to Post Traumatic Stress Disorder, whether Plaintiff's mental impairments were severe and, if severe, whether they met or equaled a listed impairment.

### II. Standard of Review.

This court may set aside the Social Security Administration Commissioner's denial of disability benefits only when the findings of the ALJ are based on legal error or are not supported by substantial evidence in the record as a whole. Social Security Act, Sections 216(i), 223, 42 U.S.C. §§ 416(i) and 423; *Bustamante v. Massanari*, 262 F.3d 949, 953 (9th Cir. 2001). "Substantial evidence means such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)(internal quotation marks omitted). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld. *Id.*

### III.    Analysis

The Social Security Act defines disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which has lasted or can be expected to last not less than twelve months. *Smolen v. Chater*, 80 F.3d 1273, 1280 (9th Cir. 1996), quoting 42 U.S.C. § 423(d)(1)(A).

Social Security evaluates disability claims in a five step sequence. 20 C.F.R. §404.1520. The first step is to determine if the claimant is engaging in substantial gainful activity. If the claimant is performing substantial gainful activity, the claim is denied. If not performing substantial gainful activity, the second step is to determine if the claimant has a severe impairment, an impairment that significantly limits work activity abilities. For claimants seeking payments under the SSDI program, the claimant must be established that the claimed physical or mental impairments produced limitations prior to the expiration of the Date Last Insured ("DLI"). If there are no relevant severe impairments, the claim is denied. At step three, it is determined if a claimant's impairments or combination of impairments meets or medically equals criteria in 20 C.F.R. Part 404, Subpart P, Appendix 1. At Step four, whether the claimant has the residual functional capacity to perform past relevant work is considered. If unable to perform past relevant work, the analysis proceeds to step five to determine whether the claimant is theoretically able to perform any work.

The ALJ found that Plaintiff had not engaged in substantial gainful activity since July 1, 2006, the date he alleged his disability began. (AR 26). The ALJ determined that Plaintiff had the severe impairments of HIV/AIDS, back pain, and depression (AR 26), but that these impairments neither met nor equaled an impairment set forth in the Listing of Impairments, 20 C.F.R., pt. 404, subpt. P, App.

1(AR 26-28). Based on the entire record, the ALJ determined that Plaintiff retained the residual functional capacity (RFC) for light-exertional work with some postural limitations, including a sit-stand option for brief periods, and due to his HIV he could not work in the food industry or restaurants (AR 28-29). The ALJ also found that Plaintiff's testimony was not fully credible (AR 29-30). Given Plaintiff's RFC, the ALJ found that Plaintiff could not perform his past relevant work (AR 31) but could perform other unskilled, light jobs that exist in significant number in the national economy (AR 31-32). The ALJ therefore concluded that Plaintiff was not disabled as defined by the Act (AR 32).

The portion of the medical evidence material to this report and recommendation is summarized by the Commissioner in its Response (#12) at page 3"

> Michelle Lisoskie, M.D. saw Plaintiff for a psychiatric evaluation in May 2009 (AR 30, 347). He had a normal mental status examination, and Dr. Lisoskie diagnosed post-traumatic stress syndrome (PTSD, 309.81) and major depressive disorder (296.32) (AR 347). She also assessed a Global Assessment of Functioning (GAF) score of 60-70, which indicates some mild symptoms but generally well functioning1 (AR 30, 347). Plaintiff saw Dr. Lisoskie on three other occasions in November 2009, December 2009, and February 2010 (AR 426). In April 2010, Dr. Lisoskie wrote a letter in which she gave Plaintiff's medical and social history and opined that Plaintiff could not work a regular schedule because he could not read or write English, struggled with spoken English, complained of memory and concentration problems, was fatigued, and was at risk for infection if he worked with the public (AR 428). She also opined that Plaintiff could not meet "competitive standards" in a number of mental skills required for unskilled work, was somewhat limited in his ability to sustain an ordinary routine without supervision and make simple, work-related decisions, and but had no functional limitations in his ability to interact appropriately with co-workers and supervisors (AR 430).

The Commissioner's Response, in describing Dr. Lisoskie's April, 2010 letter, fails to include her Axis V of the diagnosis, "Global Assessment of Functioning: current – 50; highest in past year – 50." (AR 427). The GAF score of 60-70, quoted by the Commissioner, supra, was not the latest

diagnosis prior to the March 1, 2010, ALJ hearing. That higher score was reported by Dr. Lisoskie on May 21, 2009. (AR 347).

In the section of the Commissioner's response discussing Alleged Impairments, only "back problems, Human Immunodeficiency Virus (HIV) or Acquired Immune Deficiency Syndrome (AIDS)" are included (#12, p. 2). The Commissioner fails to include Dr. Lisoskie's May 21, 2009, diagnosis of Post Traumatic Stress Disorder (309.81) as a basis for disability considered by the ALJ. There is no discussion of Post Traumatic Stress Disorder in the Commissioner's Response (#12), other than the quote *supra*.

In his Findings of Fact and Conclusions of Law (3), mentions the diagnosis of Post Traumatic Stress disorder, characterizing it as a sever impairment (AR 26 – 27).

With regard to Plaintif's PTSD, Dr. Lisoskie's report provides the following history:

> Mr. Amare was born in Ethiopia in 1966. At that time, Ethiopia was engaged in a civil war, which resulted in the formation of a new nation, Eritrea, out of part of it in 1991. Mr. Amare grew up with war, witnessing atrocities. He never went to school, and out of 9 siblings, 2 remain alive–the others were killed fighting, or as victims of war. Mr. Amare and a sister escaped to a refugee camp in Nairobi, Kenya when he was 13 (1979).

The ALJ found Plaintiff to have the severe mental impairment of depression. (AR 26). However, as the ALJ himself noted, Plaintiff also carried a diagnosis of PTSD, assessed by his treating psychiatrist, Dr. Liskoskie. (AR 27). The ALJ did not explain why he accepted Dr. Liskoskie's diagnosis of depression, but ignored the PTSD diagnosis. A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" 20 C.F.R. 416.920(c). SSR 85-28 clarifies this standard: an impairment is non-severe if it "has no more than a minimal effect on a claimant's ability to do basic work activities." The Ninth Circuit held in *Webb v. Commissioner*, 433 F.3d 683, 687 (9thCir. 2005), that Step 2 is a de minimus screening device to dispose of groundless

claims, and an ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is clearly established by medical evidence. Also see *Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996) at 1290. Here, according to Dr. Lisoskie, Plaintiff's PTSD, brought on by observing war atrocities during childhood, had a serious effect on many work-related abilities, for he would experience apprehensive expectation, and be unable to deal with normal work stress. (AR 426, 429, 430).

When there is evidence of a mental impairment that allegedly prevents a claimant from working, the ALJ must follow the procedure for evaluating mental impairments set forth in 20C.F.R. §§ 404.1520a, 416.920a. And, while the ALJ did follow that process during his Step 3analysis, he did so only for Plaintiff's depression, and did not consider PTSD while conducting that analysis. (AR 28).

Since the ALJ provided no rationale of any kind, there are no findings, pertinent to Plaintiff's PTSD, for the Court to review. *Keyser v. Commissioner Soc. Sec*, 648 F.3d 721(9th Cir. 2011), is directly on point. The error is identical: as in Keyser, the ALJ here failed to follow the dictates of 20 C.F.R. § 404.1520a, by failing to properly analyze the mental impairments utilizing the "Special Technique" described in that Regulation, required when the claimant has presented evidence (a "colorable claim") of mental impairments. This one error was enough for the Keyser Court to reverse and remand:

> In summary, we hold that the ALJ erred by failing to follow the requirements of 20 C.F.R. § 404.1520a in determining whether Keyser's mental impairments were severe and, if severe, whether they met or equaled a listed impairment. We reverse the judgment of the district court with instructions to remand to the ALJ to conduct a proper review of Keyser's mental impairments. We need not, and do not, reach any other issue urged by the parties.

Keyser at 727.

Here, the "colorable claim" is satisfied by the diagnosis of PTSD, with supporting rationale, made by Dr. Lisoskie. This case should be remanded for proper consideration of Plaintiff's PTSD, so that it may be considered in combination with his depression and with his severe physical conditions.

## RECOMMENDATION

For the reasons set forth above, the ALJ's decision in this matter was based on legal error. The undersigned Magistrate Judge recommends that this case should be REMANDED for proper consideration of the Plaintiff's Post Traumatic Stress Disorder, so that it may be considered in combination with his depression and his sever physical conditions. The court need not address any other issues urged by the parties. It is the recommendation of the undersigned United States Magistrate Judge that Mr. Amare's Motion to Remand (#9) is GRANTED. It is further recommended that the Defendant's Cross Motion for Summary Judgment is DENIED.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 29th day of August, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE