UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| YEMANE AMARE,<br><br>　　　　　　　　　　Plaintiff(s),<br><br>　v.<br><br>CAROLYN W. COLVIN,<br><br>　　　　　　　　　　Defendant(s). | Case No. 2:12-CV-955 JCM (VCF)<br><br>ORDER |

Presently before the court is plaintiff's counsel Richard A. Harris's ("counsel") motion for approval of attorney's fees pursuant to 42 U.S.C. § 406. (ECF No. 27). Defendant Carolyn W. Colvin filed a response in her official capacity as the Commissioner of Social Security. (ECF No. 28). Counsel filed a reply. (ECF No. 29).

**I.　　Background**

On June 6, 2012, plaintiff, Yemane Amare, filed a complaint against the commissioner of social security seeking retroactive benefits. (ECF No. 1). Plaintiff and counsel contracted on a contingency basis whereby counsel was to receive twenty-five percent of awarded retroactive benefits. (ECF No. 27).

In the initial proceedings before the Social Security Commission, the commission did not grant retroactive benefits. (ECF No. 21). On appeal to Magistrate Judge Ferenbach, the court reversed the decision and remanded the case back to the Social Security Commission to properly evaluate the evidence. (*Id.*).

On remand, the parties stipulated to a payment of $6,634.20 in attorney's fees under the Equal Access to Justice Act (EAJA) 28 U.S.C. § 2412(d). (ECF Nos. 22, 26). The court awarded plaintiff "almost $94,000" in retroactive benefits. (ECF No. 3 at 10).

**James C. Mahan**
**U.S. District Judge**

Counsel moves for approval of attorney's fees amounting to 25% of the retroactive benefits. (ECF No. 27). After deducting the already-awarded EAJA fee of $6,634.20, counsel requests approval of a net fee of $15,249.98. (ECF No. 29).

## II.   Legal Standard

Under 42 U.S.C. § 406(b), "the court may determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." The purpose of § 406(b) is to control, not displace, contingency "fee agreements between Social Security benefits claimants and their counsel." *Gisbrecht v. Barnhard*, 535 U.S. 789, 793 (2002). "The attorney for a successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807. The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." *Id*. at 795.

The district court has an "affirmative duty to ensure" the fees are reasonable because the Social Security Administration has no direct interest in attorney's fees. *Crawford v. Astrue*, 586 F.3d 1142, 1146 (9th Cir. 2009). However, "the fee awards should be sufficient to encourage adequate representation of claimants" because court-awarded fees are "the only way a successful SSDI ["Social Security and Disability"] attorney recovers fees for work." *Id*. at 1147. An attorney has the burden of showing fees are reasonable. *Id.*

To determine reasonableness, district courts begin by looking to the contingency fee agreement. *Id.* at 1151. Accordingly, the court looks first to the agreement and adjusts downward if the fees are unreasonable. *Id.* A fee is unreasonable, and subject to reduction, if "the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits," or the fees are large compared to time the attorney spent on the case. *Id.*

## III.   Discussion

Plaintiff's counsel requests an order granting payment of attorney's fees pursuant to 42 U.S.C. § 406(b), paid out of retroactive benefits awarded to the plaintiff. (ECF No. 27). Counsel argues the fees are reasonable based on the time spent, the risk of going unpaid, and benefit to the client. (*Id.*). Defendant argues counsel's request is invalid because counsel has not served plaintiff

**James C. Mahan**
**U.S. District Judge**

- 2 -

1   with a copy of the motion. (ECF No. 28). Defendant argues further the court should examine the
2   agreement itself before making a determination. (*Id.*). Counsel responds that the law does not
3   require counsel prove the client was notified before fee approval under § 406(b). Defendant cites
4   no binding authority to the contrary. Counsel has also represented that he has provided plaintiff
5   with notice. (ECF No. 29). [1]

6   The court grants counsel's fee request. Having examined the agreement, this court finds
7   counsel has demonstrated that the fees are reasonable based on time spent, risk, and benefit to the
8   client. (*See* ECF No. 29-3 "exhibit contract.") Using the contingency agreement as a baseline, the
9   court will only reduce attorney's fees if they are found unreasonable. *Crawford*, 586 F.3d at 1145.
10  Reduction is inappropriate here because counsel spent over forty hours representing the plaintiff
11  in federal court, took a risk that compensation would not be awarded, and provided a substantial
12  benefit to the client.

13  The result of representation is a benefit award of almost $94,000 and continuing monthly
14  payments of approximately $1,068.[2] (ECF No. 27). The court notes that the need for representation
15  in SSDI cases favors erring towards enforcement of contingency agreements because "attorneys
16  [assume] significant risk in accepting these cases, including the risk that no benefits [are] awarded.
17  . . ." *See Crawford,* 586 F.3d at 1152. The court therefore finds the fees are reasonable.

18  The court approves attorney's fees in the amount of $15,349.98. This number was
19  determined by calculating twenty-five percent of plaintiff's awarded retroactive benefits, then
20  deducting the awarded EAJA fee. Counsel originally argued this number was $16,840.78 after
21  deducting an EAJA fee of $6,634; however, counsel subsequently lowered his request. Consistent
22  with counsel's lowered request and § 406(b), the court grants attorney's fees of $15,349.98.
23  . . .

---

[1] Whether counsel has notified the plaintiff is not relevant to an order affirming attorney's fees. Communication with a client is an ethical question beyond the scope of this opinion. *See* MODEL RULES OF PROFESSIONAL CONDUCT, Rule 1.4 *"communications."* Further, counsel asserts he *has* alerted plaintiff. This court has no reason to conclude otherwise.

[2] Defendant did not argue the counsel's requested fees were unreasonable. (*See* ECF No. 28)

**James C. Mahan**
**U.S. District Judge**

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Yesame Amare's motion for attorney's fees amounting to $15,349.98 (ECF No. 27) be, and the same hereby is, GRANTED, consistent with the forgoing.

DATED June 9, 2016.

*/s/ James C. Mahan*
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -